IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **ALLISON W.**, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 16 C 2725 |
| | ) |
| **OAK PARK AND RIVER FOREST HIGH SCHOOL DISTRICT #200**; et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

This action has followed the all-too-familiar practice among lawyers of tendering a single claim for relief (the operative concept in federal litigation, as contrasted with the "cause of action" approach that marks Illinois state court litigation), but of presenting that claim in more than one count despite the more limited use of the term "counts" as originally prescribed in the last sentence of Fed. R. Civ. P. ("Rule") 10(b).[1] At this time the litigants' dispute over Counts IV and IV of the Amended Complaint in this action is in the final stage of the briefing process, but now defendants Oak Park and River Forest High School District # 200 and Superintendent Steven Isoye (hereafter "Movants") have noticed up for presentment on June 1 their motion to dismiss Count III, which seeks to bring 42 U.S.C. § 1983 ("Section 1983") into play to deal with

---
[1] This Court has regularly inveighed against that often counterproductive practice, consistently invoking for that purpose the excellent explanations by Judge Frank Easterbrook for two different panels in Bartholet v. Reishauer A.G.(Zurich), 953 F.2d 1073, 1077-78 (7th Cir. 1992) and NAACP v. Am. Family Mut. Ins. Co., 978 F. 2d 287, 292 (7th Cir. 1992). Those cases have been followed by a number of Seventh Circuit decisions in the two-plus decades since they were decided, but the expositions in Bartholet and NAACP remain the most comprehensive (and persuasive) treatment of the subject. This case, however, is not an occasion for digressing into that area of analysis.

a claimed deprivation of the rights of minor Allison W. under the Individuals with Disabilities Education Act ("IDEA," 20 U.S.C. §§ 1400 et seq.).

Although Movants have advanced a contention that has found favor in other circuits, most extensively in the decision by the Court of Appeals for the Third Circuit in A.W. v. Jersey City Pub. Schs., 486 F.3d 791, 800-03 (3d Cir. 2007), defense counsel have inexplicably sought to call to their aid our own Court of Appeals' decision just last year in Stanek v. St. Charles Community Unit Sch. Dist. 303, 783 F.3d 634 (7th Cir. 2015). But what Stanek actually did was to reverse the ruling by one of this Court's colleagues that had bought the very argument that defendants have made here, stating (id. at 643-44 (numerous citations omitted)):

> We turn next to all three plaintiffs' invocation of 42 U.S.C. § 1983. The district court construed that claim broadly to include both constitutional and statutory claims. It concluded that § 1983 cannot be used to enforce IDEA, the Rehabilitation Act, or the ADA. This conclusion, at least with respect to IDEA, was incorrect. It is true that the federal courts of appeal are split on whether parties can bring claims under § 1983 for violations of IDEA.
>
> This court, however, has come down on the side of holding that § 1983 can be an avenue for pursuing remedies under IDEA.

To be sure, Stanek, id. at 644 then went on to say that its own earlier decisions "may need to be revisited in light of City of Rancho Palos Verdes v. Abrams, 544 U.S. 113 (2005),"[2] but what controls this Court is that the availability of Section 1983 to enforce rights under IDEA remains circuit law here. In that respect the situation here is no different in legal terms from any other instance in which there is a split among circuits, and in that circumstance this Court is of course duty-bound to adhere to Seventh Circuit law.

_____
[2] That Supreme Court decision had led the Third Circuit to hold as it did in A.W.

It would thus violate fundamental jurisprudential principles for this Court to swim against the tide when our Court of Appeals has declined a like invitation. That said, the practical considerations with which Stanek, id. at 644 concluded its discussion also point the way here:

> We think it best to refrain from deciding at this time whether any of the Staneks might be able to seek recourse under § 1983. It is not clear that resolution of this question will make any practical difference in this case. Furthermore, the question of liability comes first, and unless the Staneks muster sufficient evidence during discovery to survive a motion for summary judgment on their statutory claims, the scope of available remedies is unimportant. We leave this issue for the district court to revisit and develop on remand, if necessary.

In sum, Movants' motion to dismiss Count III of the Amended Complaint is denied, and they are ordered to answer all Counts of that pleading other than Counts IV and V on or before June 15, 2016.[3] What has been said here is not of course a final decision, and if events during the continuing course of this litigation call for the matter to be revisited this Court would be available to do so.

_____
Milton I. Shadur
Senior United States District Judge

Date: May 27, 2016

---

[3] This Court sees no reason to defer all defensive pleading until the previously launched attack on Counts IV and V (which were the subject of a single count, Count II, in the original Complaint) is resolved -- on that score the final brief is due June 8. If Counts IV and V survive that attack, a separate schedule will be set for an answer to those allegations.