# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **ALLISON W.**, and **W.W.** and **D.W.**, Individually and as Parents and Next Friends of **A.W.**, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 16 C 2725 |
| **OAK PARK AND RIVER FOREST HIGH SCHOOL DISTRICT #200**; **STEVEN ISOYE**, in his Official Capacity as Superintendent; and **ILLINOIS STATE BOARD OF EDUCATION**, | ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Allison W. and her parents W.W. and D.W., acting both individually and on her

behalf -- for convenience, all are referred to collectively in this opinion as "Allison," treated as a

singular noun -- brought this action (1) for review of a Final Determination and Order ("Order")

concerning her rights under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C.

§§ 1400 et seq., (2) to recover attorney's fees insofar as she prevailed in part regarding the Order

and (3) to compel Oak Park and River Forest High School District # 200 and its superintendent,

Steven Isoye (collectively the "School District") to produce her education records.  Along with

its Answer to the Complaint, the School District submitted a motion under Fed. R. Civ. P.

("Rule") 12(b)(6) to dismiss Allison's education records claim on grounds of collateral estoppel,

although it also makes arguments applicable to what Illinois courts term res judicata -- doctrines

to which this Court will instead refer as issue preclusion and claim preclusion, respectively.[1]

---

[1] This Court universally adheres to the teaching in <u>Migra v. Warren City Sch. Dist. Bd. of Educ.</u>, 465 U.S. 75, 77 n.1 (1981) and many later cases by speaking of claim preclusion and

(continued)

Allison then filed both a response to the School District's motion and an Amended Complaint that (among other things) split her education records claim (which had been advanced in Count II of the original Complaint -- see Dkt. No. 15) between two counts respectively grounded in 42 U.S.C. § 1983 (Count IV) and the Illinois School Student Records Act (the "Records Act," 105 ILCS 10/1 et seq.) (Count V). With the School District's reply in support of its motion now in hand, this Court turns both facets of the preclusion issue.

## Motion To Dismiss Standards

Under Rule 12(b)(6) a party may move for dismissal for a "failure to state a claim upon which relief can be granted." Familiar Rule 12(b)(6) principles require the district court to accept as true all of Allison's well-pleaded factual allegations and view them in the light most favorable to her as the non-moving party (Lavalais v. Vill. of Melrose Park, 734 F.3d 629, 632 (7th Cir. 2013)). But "legal conclusions or conclusory allegations that merely recite a claim's elements" are not entitled to any presumption of truth (Munson v. Gaetz, 673 F.3d 630, 632 (7th Cir. 2012)).

## Background[2]

After the School District proposed a change to her Individualized Education Program ("IEP"), Allison requested an administrative due process hearing under the IDEA on January 16,

_____
(footnote continued)
issue preclusion rather than of res judicata and collateral estoppel. That usage avoids any potential for the frequently-encountered confusion engendered by the older practice of applying the term "res judicata" to both branches of preclusion analysis.

[2] Citations to the parties' memoranda take the form "Mem. --" or "Reply --" as appropriate, with identifying prefixes of "S." for the School District and "A." for Allison. Except where otherwise noted, all dates refer to the year 2015.

2015 (Am. Complaint ¶¶ 27-28, 31).  That hearing was conducted by an Impartial Due Process Hearing Officer ("Hearing Officer") appointed by the Illinois Board of Education ("Board").

Among the issues Allison presented for the Hearing Officer's decision was a charge that the School District had failed to produce her educational records within the time frame required by the IDEA (R. at 240).  Crucially for this motion to dismiss, Allison further maintained that the Records Act also gave her a right to that information (id.).

But in granting a partial motion to dismiss on June 16, the Hearing Officer ruled that she lacked the subject-matter jurisdiction to determine whether Allison's rights under the Records Act were violated (R. at 242).  She held that her authority was instead limited to questions arising under the IDEA (id.).  Nevertheless, because the IDEA and its implementing regulations provided an obligation parallel to (though not identical with) that imposed by the Records Act, the Hearing Officer noted that a failure to furnish Allison with certain records on a timely basis might violate the IDEA if Allison could show that her substantive rights under that statute were prejudiced as a result (R. at 242-43).

Over the course of six days in September and October, the Hearing Officer accepted evidence concerning Allison's IEP (Am. Complaint ¶ 35).  Among other things she heard testimony from a School District witness about documents that were not produced (id. at ¶ 39). But ultimately Allison did not present any sworn testimony concerning the impact of any alleged delays in obtaining the requested records, and without evidence of prejudice the Hearing Officer issued the Order on November 2 finding that the IDEA had not been violated as to Allison's access to her education records (R. at 1024-26).

After the Order was issued the School District refused to comply with its remedial provisions and, moreover, continued to withhold Allison's education records (Am. Compl.

¶¶ 41-43).  Although she again requested access to those records on January 22, 2016, that

request too was denied (id. at ¶ 44-45).  This action then followed.

### Issue and Claim Preclusion

Under the Full Faith and Credit Act, 28 U.S.C. § 1738, federal courts are required "to

give state court judgments the same preclusive effect that the state courts that issued the

judgments would give them" (DeGuelle v. Camilli, 724 F.3d 933, 937 (7th Cir. 2013)).  State

law is determined by looking to the decisions of the state's highest court, with inferior court

decisions having weight where there is no prevailing authority from the state's highest court (see

Allstate Ins. Co. v. Menards, Inc., 285 F.3d 630, 637 (7th Cir. 2002)).

As Nowak v. St. Rita High Sch., 197 Ill. 2d 381, 389-91, 757 N.E.2d 471, 477-78 (2001)

teaches, Illinois clearly distinguishes between claim preclusion and issue preclusion.  But apart

from the distinctions between these related doctrines, they share a number of common attributes.

For example, both require a final judgment on the merits (id. at 389-90, 757 N.E.2d at 477).  And

both may be grounded on prior administrative decisions, not just judicial ones, "as long as the

agency was acting in an adjudicatory, judicial or quasi-judicial capacity and the disputed issue is

identical to the issue presented in the new claim" (Gallaher v. Hasbrouk, 2013 IL App (1st)

122969 at ¶ 21, 3 N.E.3d 913, 923 (2013)).  Claim preclusion will not be applied "where it would

be fundamentally unfair to do so," and issue preclusion is likewise subject to equitable

considerations even if the "minimum threshold requirements" for its application are met (Nowak,

197 Ill. 2d at 390-91, 757 N.E.2d at 477-78).

But claim preclusion requires that the second suit advance a cause of action identical to

that in the first suit, while issue preclusion requires that the issues presented be identical (id. at

390-91, 757 N.E.2d at 477-78).  Issue preclusion requires that only the party to be precluded

- 4 -

have been a party to (or in privity with a party to) the previous proceeding, while claim

preclusion requires that the parties be identical in both cases (id. at 390, 757 N.E.2d at 477-78).

And where claim preclusion is satisfied, the first action (id. at 389, 757 N.E.2d at 477):

> is conclusive not only as to every matter which <u>was</u> offered to sustain or defeat
> the claim or demand, but as to any other matter which <u>might</u> have been offered for
> that purpose.

Issue preclusion, by contrast, "operates as an estoppel only as to the point or question actually

litigated and determined" (id. at 390, 757 N.E.2d at 477).

Both parties seem confused by the distinction between the branches of preclusion

analysis, however. In the main the School District frames its motion in terms of collateral

estoppel and discusses only the law of collateral estoppel in any detail in its memorandum (see

Dkt. No. 15 at ¶ 13; S. Mem. 1, 4, 5). But each party relies on cases that discuss claim

preclusion as authority for the law of issue preclusion, and the School District's doing so has

prompted this Court to say more about claim preclusion than it otherwise would.

For her part, Allison (at A. Mem. 8) wholly neglects the reason that led <u>Nowak</u>, 197

Ill. 2d at 392-94, 757 N.E.2d at 480 to emphasize that a dismissal for lack of subject-matter

jurisdiction was not a decision on the merits -- it did so to limit the scope of claim preclusion, not

issue preclusion. Because issue preclusion touches only issues actually decided, the fact that an

issue was not decided finally is irrelevant to issue preclusion analysis.

As an introduction to its more substantive discussion of issue preclusion, the School

District cites <u>Walczak v. Chicago Bd. of Educ.</u>, 739 F.3d 1013, 1016-17 (7th Cir. 2014) and its

analysis of claim preclusion for what the School District there calls "[t]he doctrine of issue or

claims [sic] preclusion or collateral estoppel" (S. Mem. 3). And then it responds to Allison's

contention that the issues decided by the Hearing Officer were not identical with the ones raised

in the present action with the following gem (S. Reply 2):

> To be identical for collateral estoppel purposes, however, the claims need not be
> made under the same statute. See Owens v. Indus. Comm'n, 203 Ill. App. 3d 818,
> 821, 561 N.E.2d 147, 149-50 (Ill. Ct. App. 1990). Rather, the "key lies in the fact
> that the basis of recovery is the same under all statutory remedies . . ." Id. at 150.

But that is a principle of claim preclusion, as the language in which it is cast plainly indicates.

Whether claims or causes or action are identical is immaterial to the question of issue preclusion,

where what must be identical is the issue actually decided.

Admittedly the Illinois Appellate Court decision in Owens makes the statement quoted by

the School District while discussing issue preclusion. But the authority that Owens cites in doing

so plainly makes that point in the context of claim preclusion (see Edwards v. City of Quincy,

124 Ill. App. 3d 1004, 1011, 464 N.E.2d 1125, 1130-31 (4th Dist. 1984)). Moreover, insofar as

the School District cites Owens to suggest that the identity of two causes of action might be

relevant to issue preclusion analysis, the jurisprudential principle reconfirmed in Allstate, 285

F.3d at 637 instructs this Court to disregard that appellate court decision in light of Nowak, 197

Ill. 2d at 390-92, 757 N.E.2d at 477-78, where the Supreme Court of Illinois later reaffirmed that

issue preclusion requires that the issues (not causes of action) be identical and discussed the

transactional test for determining that causes of action are identical only with regard to claim

preclusion.

That confusion aside, nothing good can be said about the School District's motion in light

of either issue preclusion (which it explicitly invokes) or claim preclusion (to the law of which it

opportunistically appeals). Indeed, it is improper both procedurally and substantively.

For starters, the School District ignores the clear guidance of Walczak, 739 F.3d at 1016 n.2 -- a case that it cites -- that the correct procedure when asserting an affirmative defense is first to raise it and then to move for judgment on the pleadings under Rule 12(c). As the name implies, judgment on the pleadings cannot be had until the pleadings are closed, that is, until the defendant has made an answer (see Rule 12(c)). Unless the complaint itself admits the elements of an affirmative defense, it is improper to dismiss it under Rule 12(b)(6) even when that affirmative defense relies on facts otherwise subject to judicial notice, such as preclusion (see U.S. Gypsum Co. v. Ind. Gas Co., Inc., 350 F.3d 623, 626 (7th Cir. 2003)).

Crucially, State Bldg. Venture v. O'Donnell, 239 Ill. 2d 151, 158-59, 940 N.E.2d 1122, 1127 (2010) (internal quotation marks omitted) has reiterated that for purposes of Illinois issue preclusion, "finality requires that the potential for appellate review must have been exhausted." And Illinois appellate courts have long held that finality for purposes of claim preclusion also requires that the decision no longer be appealable (see Dookeran v. County of Cook, 2013 IL App (1st) 111095 at ¶ 18, 987 N.E.2d 826, 830 (2013); Pelon v. Wall, 262 Ill. App. 3d 131, 135, 634 N.E.2d 385, 388 (2d Dist. 1994)).

Moreover, a dismissal for lack of subject-matter jurisdiction does not constitute a judgment on the merits (Nowak, 197 Ill. 2d at 390, 757 N.E.2d at 477). Thus where a court dismisses some claims for want of subject-matter jurisdiction while entering judgment on others, it in effect reserves a litigant's right to pursue the first set of claims in another forum (id. at 392-93, 757 N.E.2d at 479).

Thus the resolution of the School District's motion does not turn on whether preclusion of any sort is established only by facts absent from the four corners of the complaint, for then the

present motion's only defect would lie in being premature.[3]  No, the School District's motion

fails instead for lack of substantive merit, even audaciously so:  It seeks to raise preclusion as a

defense in an action to review the very decision that supposedly bars Allison's claim!  Indeed, the

only requirement for issue preclusion that is met in this case is that Allison was a party to the

previous proceeding.

 Certainly the very existence of this lawsuit should itself have taught the School District's

counsel that the Order is not yet final for purposes of Illinois claim or issue preclusion analysis.

On that score 20 U.S.C. § 1415(i)(1)(A) clearly states that decisions rendered in IDEA hearings

are final except to the extent that they may be appealed to the Board or in a civil action such as

this one (in the latter respect, see 20 U.S.C. § 1415(i)(2)(A)).  Thus this Court need not parse

what the School District means when it says that the present motion -- which seeks to dismiss

Allison's counts seeking relief with respect to the education records issue -- does not address

Allison's appeal of the Order insofar as it addressed the issue of access to her education records

(see S. Reply 2).

 Nor does Allison's education-records claim present issues identical to what was decided

in the Order, for the Hearing Officer based her ruling only on a lack of evidence of prejudice to

Allison's IDEA rights, not on the scope of her rights under other laws or whether the School

District violated those rights.  And the Order obviously said nothing about whether requests for

_____

[3]  Even prematurity may be reason enough to deny such a motion, for Nowak, 197 Ill. 2d
at 390-91, 757 N.E.2d at 477-78 makes it plain that both claim preclusion and issue preclusion in
Illinois are subject to equitable limitations and considerations of fundamental fairness, and so in
answering the complaint a defendant may well disclose reasons to doubt that it is entitled to
prevail on its affirmative defense despite a previous judgment's satisfying the minimum
threshold requirements for preclusion.

education records submitted <u>after</u> it was issued were improperly declined under a law over which the Hearing Officer had no jurisdiction.

What is more, the School District does not even attempt to answer Allison's argument that the Hearing Officer's dismissal for lack of subject-matter jurisdiction severely limits whatever preclusive effect the Order might otherwise have had. But that dismissal means that the Order could not possibly preclude any claims related to rights with a source other than the IDEA or any claims that did not tie the alleged violation of her procedural rights under the IDEA to a violation of her substantive rights under that statute -- all those claims were reserved for a separate proceeding.

### <u>Conclusion</u>

Neither claim preclusion nor issue preclusion bars Allison's claim that the School District violated and continues to violate her right to access her education records. Consequently the School District's motion (Dkt. No. 15) is denied, and it is ordered to answer Am. Complaint Counts IV and V on or before June 28, 2016.

_____
Milton I. Shadur
Senior United States District Judge

Date: June 14, 2016